UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ADAMARY RIOS,

                    Plaintiff,

            -against-

PAMELA REST. CORP. d/b/a WILLY'S MARGARITA'S
CAFE, MARGARITA'S CAFE VII INC. d/b/a WILLY'S
MARGARITA'S CAFE, ABC CORP. 1-10 d/b/a WILLY'S
MARGARITA'S CAFE, and WILLIAM MARTINEZ,

                    Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**

*Jury Trial Demanded*

       Plaintiff ADAMARY RIOS, by and through her counsel, the Romero Law Group PLLC,

complaining of Defendants PAMELA REST. CORP. d/b/a WILLY'S MARGARITA'S CAFE,

MARGARITA'S CAFE VII INC. d/b/a WILLY'S MARGARITA'S CAFE, ABC CORP. 1-10

d/b/a WILLY'S MARGARITA'S CAFE, and WILLIAM MARTINEZ (collectively as

"Defendants" or "Margarita's Cafe"), allege as follows:

## NATURE OF THE CLAIM

       1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19,

§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R.

§ 146 ("NYLL"), unpaid minimum wages under the FLSA and NYLL, unpaid wages stemming

from Defendants' failure to pay Plaintiff wages for all hours worked at her agreed upon rates of

pay under the NYLL, unpaid spread of hours compensation under the NYLL and 12 N.Y.C.R.R.

§ 146-1.6, unlawfully retained tips and gratuities under the NYLL, damages for failure to furnish

accurate wage statements for each pay period under NYLL § 195(3), damages for failure to provide

a wage notice upon her hire under NYLL § 195(1), damages for unjust enrichment and quantum

meruit under New York common law, damages for discrimination based on Plaintiff's pregnancy, sex, and familial status under the New York State Human Rights Law, New York Executive Law § 290 *et seq.* ("NYSHRL"), and any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and under the FLSA, 29 U.S.C. § 201 *et seq.*, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

4.      At all relevant times, Plaintiff ADAMARY RIOS ("Plaintiff" or "Rios") is a resident of the County of Nassau, State of New York.

5.      At all relevant times, Plaintiff Rios was an "employee" and a "person" within the meaning of the FLSA, 29 U.S.C. § 203(e), NYLL § 190(2), (4), and NYSHRL.

6.      At all relevant times, Defendant PAMELA REST. CORP. d/b/a WILLY'S MARGARITA'S CAFE ("Pamela Restaurant") is and was a domestic business corporation with its principal place of business at 1868 Front Street, East Meadow, New York 11554.

7.      At all relevant times, Defendant Pamela Restaurant was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited

2

to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

8.    At all times relevant herein, Defendant Pamela Restaurant employed more than four employees.

9.    At all relevant times, Defendant Pamela Restaurant was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), NYLL § 190(3), and NYSHRL.

10.    At all relevant times, Defendant MARGARITA'S CAFE VII INC. d/b/a WILLY'S MARGARITA'S CAFE, ("Margarita's Cafe VII") is and was a domestic business corporation with, upon information and belief, its principal place of business at 1868 Front Street, East Meadow, New York 11554, and operated a place of business at 445 South Main Street, Freeport, New York 11520.

11.    At all relevant times, Defendant Margarita's Cafe VII was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

12.    At all times relevant herein, Defendant Margarita's Cafe VII employed more than four employees.

13. At all relevant times, Defendant Margarita's Cafe VII was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), NYLL § 190(3), and NYSHRL.

14. At all relevant times, upon information and belief, Defendant WILLIAM MARTINEZ ("Martinez") operated multiple restaurants doing business as WILLY'S MARGARITA'S CAFE through multiple corporations during Plaintiff's employment, including, among others, the restaurants located at 1868 Front Street, East Meadow, New York 11554 and 445 South Main Street, Freeport, New York 11520. Defendant ABC CORP. 1-10 represents fictious defendants that, upon information and belief, Defendant Martinez used to operate and do business as WILLY'S MARGARITA'S CAFE at all relevant times during Plaintiff's employment.

15. At all relevant times, upon information and belief, Defendant ABC CORP. 1-10 was a business corporation with business locations at 1868 Front Street, East Meadow, New York 11554 and 445 South Main Street, Freeport, New York 11520.

16. At all relevant times, upon information and belief, Defendant ABC CORP. 1-10 was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

17. At all relevant times, upon information and belief, Defendant ABC CORP. 1-10 was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), NYLL § 190(3), and NYSHRL.

18.    Upon information and belief, Defendants Pamela Restaurant, Margarita's Cafe VII, and ABC CORP. 1-10 are a single company operating under multiple entity names as a common enterprise, with interrelated operations, common owners and officers, common management, a centralized control of labor relations, and common financial control within their businesses, and operate from a common principal principle place of business.

19.    Defendants Pamela Restaurant, Margarita's Cafe VII, and ABC CORP. 1-10 are multiple corporations that operate jointly as a common enterprise by operating a chain of substantially similar restaurants and bars.  Upon information and belief, all of the defendant corporations share common facilities at their mutual principal place of business at 1868 Front Street, East Meadow, New York 11554, and operate substantially similar restaurants and bars from their business locations at 1868 Front Street, East Meadow, New York 11554 and 445 South Main Street, Freeport, New York 11520.  Upon information and belief, all of the defendant corporations share a common owner and officer, WILLIAM MARTINEZ.  Additionally, Plaintiff performed services interchangeably at both of their East Meadow and Freeport places of business while performing duties that were substantially similar or identical under substantially similar or identical terms and conditions of employment within the same workweeks.  Moreover, all of the defendant corporations and Martinez jointly supervised Plaintiff, including overseeing her day-to-day activities, duties, and scheduling, had authority to make payroll decisions regarding her employment, had authority to make hiring, firing and other personnel decisions for Plaintiff, terminated Plaintiff's employment, were active in the day to day management of her employment for all of the defendant corporations, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and were responsible for maintaining personnel records for Plaintiff.

20.    At all relevant times, Defendant WILLIAM MARTINEZ is and was an owner, officer and manager of all of the corporate defendants and was active in the day to day management of all of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, terminated the Plaintiff, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA, NYLL and NYSHRL.

## FACTS

21.    Defendants are a company and its owner that operate multiple restaurants and bars specializing in serving Mexican fare, including, among others, at their business locations at 1868 Front Street, East Meadow, New York 11554 and 445 South Main Street, Freeport, New York 11520.

### Plaintiff's Wage and Hour Claims

22.    Defendants employed Plaintiff as an hourly paid, tipped rate, front of the house employee from on or about June 18, 2020 until in or about Summer 2022.  Throughout her employment, Plaintiff performed duties as a busser, server and bar employee.

23.    Throughout her employment, Plaintiff primarily performed work at Defendants' East Meadow location and also performed work at Defendants' Freeport location when needed.

24.    Throughout her employment, Defendants' pay practices were the same at both their East Meadow and Freeport locations.

25.    Throughout her employment, Plaintiff's job duties, compensation, and terms and conditions of employment were the same at both of Defendants' East Meadow and Freeport locations.

26.     From the beginning of her employment until in or about November 2021, Plaintiff regularly worked five or more days per workweek.  During this period, Plaintiff regularly worked on Tuesday and Thursday from 10:45 a.m. until 11:30 p.m., Friday and Saturday from 10:45 a.m. until between 12:30 a.m. and 1:00 a.m., and Sunday from 4:00 p.m. until 11:30 p.m., as well as sometimes being required to work additional shifts or workdays beyond these hours worked. Accordingly, during this period, Defendants required Plaintiff to work, and Plaintiff did regularly work, 60.5 or more hours each workweek.

27.     During in or about August 2020 until October 2020, Defendants required Plaintiff to work an additional shift on Mondays during two to three workweeks each month.

28.     During in or about August 2020 until October 2020, Defendants failed to compensate Plaintiff at any rate of pay for these hours worked on Mondays during this period.

29.     During in or about April, May, and August 2021, Defendants required Plaintiff to work for an additional workday during each workweek at Defendants' Freeport location from either 11:00 a.m. until 12:00 a.m. or from 4:00 p.m. until 12:00 a.m.

30.     From in or about November 2021 until on or about March 22, 2022, Plaintiff regularly worked five days per workweek.  During this period, Defendants required Plaintiff to work, and Plaintiff did regularly work, more than 40 hours during each workweek, often working 44 or even more hours during each workweek.

31.     Throughout her employment, Defendants paid Plaintiff an hourly rate of pay.

32.     Throughout her employment, Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid her at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee.

33.    Throughout her employment, Defendants failed to provide Plaintiff with compliant written notice under the NYLL, or compliant notice under the FLSA, that Defendants were claiming a tip credit toward the statutory minimum wage for her hours paid at a tipped rate.

34.    During their employment, Defendants paid Plaintiff pursuant to a tip pool arrangement wherein tips and gratuities received from patrons were distributed to Plaintiff and certain other employees, including, *inter alia*, servers, bussers, and bar employees.

35.    During her employment, Defendants operated and imposed an unlawful tip pool upon Plaintiff in that Defendants frequently permitted an exempt manager to retain tips and/or share in the distribution of tips intended for tipped employees.

36.    During her employment, Defendants, through an exempt manager, frequently retained portions of the tips and gratuities received and did not distribute these tips and gratuities through the tip pool to Plaintiff and other tipped employees.

37.    As such, Defendants unlawfully retained tips owed to Plaintiff and other tipped employees, thereby depriving Plaintiff and other tipped employees of compensation due to them, in violation of the FLSA, NYLL and New York common law.

38.    Throughout her employment, Defendants inaccurately recorded the amount of tips and gratuities received by Plaintiff and other tipped employees.

39.    Despite these unlawful practices, throughout her employment, Defendants paid Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the NYLL.

40.    Throughout her employment, except for certain limited occasions, Defendants failed to pay Plaintiff an overtime premium and failed to pay Plaintiff at any rate of pay for her

hours worked in excess of forty hours during a single workweek, in violation of the FLSA, NYLL and New York common law.

41.     Despite being required to regularly work in excess of forty hours during her workweeks throughout her employment, Defendants failed to pay Plaintiff for her overtime hours at her lawful overtime rate of pay of one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

42.     Throughout her employment, Defendants frequently paid Plaintiff at her regular, straight-time hourly rate of pay for only of a portion of her hours worked during her first forty hours during many of her workweeks.

43.     Throughout her employment, Defendants frequently failed to pay Plaintiff at any rate of pay for many of her hours worked during her first forty hours per workweek, even though Plaintiff was regularly required to work far more than forty hours during each workweek.

44.     As such, throughout her employment, Defendants frequently failed to pay Plaintiff at any rate of pay, including at her agreed upon rate of pay, for many of her hours worked during her first forty hours during many of her workweeks, in violation of the NYLL and New York common law.

45.     Throughout many workweeks during her employment, Defendants paid Plaintiff compensation that, when Plaintiff's weekly pay is converted to her true hourly regular rate of pay by dividing her hours worked by her total weekly earnings, Plaintiff's regular rate of pay often results in an hourly rate of pay below the mandated minimum wage in violation of the FLSA and NYLL.

46.     Thus, as a result of Defendants' unlawful tip pool practices and other unlawful wage practices, including the failure to pay Plaintiff for many of her hours worked at any rate of pay, Defendants often failed to pay Plaintiff the statutorily mandated minimum wage rate for her hours worked during many workweeks during her employment, in violation of the FLSA and NYLL.

47.     Due to these practices, whereby Defendants failed to pay Plaintiff at any rate of pay for many of her hours worked during her workweeks, Defendants have deprived Plaintiff of compensation for many of her hours worked at her regular, minimum wage or overtime rates of pay, or at her agreed upon rates of pay, during each workweek, in violation of the FLSA, NYLL and New York common law.

48.     Throughout her employment, Defendants paid Plaintiff by check and cash.

49.     Throughout her employment, Defendants failed to accurately record Plaintiff's hours worked.

50.     In a scheme to willfully deprive Plaintiff of overtime compensation and to violate the FLSA and NYLL, during certain workweeks of her employment, Defendants split Plaintiff's hours worked during a single workweek between two checks, thereby giving the appearance of minimizing the number of hours that Plaintiff worked during a single workweek and masking that Plaintiff worked hours in excess of forty hours during a single workweek.

51.     Plaintiff also regularly worked daily shifts that exceeded ten hours per day from its start to its finish.  However, throughout her employment, Defendants failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

52.     Defendants failed to provide Plaintiff with a proper written notice and acknowledgement of her wage rates and other required information upon her hire or in her primary language – or at all – in violation of NYLL § 195(1).

53.     Defendants failed to provide Plaintiff with accurate wage statements indicating her correct wages earned, including, *inter alia*, her correct regular and overtime rates of pay, number of regular and overtime hours worked, spread of hours compensation, or correct gross pay, correct amount of tips received, deductions, or net pay, for each pay period as required by NYLL § 195(3).

54.     By failing to meticulously record and detail Plaintiff's actual hours worked for each workweek and failing to detail her correct wages and tips and gratuities as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether she had been underpaid for her proper straight-time, regular hourly wages or her overtime compensation, or received all of the tips and gratuities owed to her, throughout her employment.

55.     Because Plaintiff worked without the information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages and tips and gratuities that she was entitled to receive, assess the manner in which her wages and tips and gratuities were calculated, and determine that she had been underpaid every workweek, which caused Plaintiff to suffer unpaid wages throughout her employment and causing her to suffer underpayments longer than she would have if a compliant – or any – wage notice and accurate wage statements had been provided.

56.     With no way to know how much Plaintiff should have been making, Plaintiff worked throughout her employment without discovering how much she had been underpaid nearly

every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

57.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to accurately track and pay Plaintiff in accordance with her hours worked, failing to pay Plaintiff at her correct overtime rate of pay, failing to pay Plaintiff at any rate of pay for many of her hours worked despite Defendants' knowledge of her hours worked, permitting an exempt manager to retain tips and gratuities from the employee tip pool owed to Plaintiff and other tipped employees, and intentionally failing to accurately record tips and gratuities received by Plaintiff and other tipped employees.

58.    Additionally, Defendants have been involved in multiple prior litigations relating to similar issues as those asserted herein, one of which was filed at least as early as 2017. Specifically, these prior matters have asserted several wage and hour claims on behalf of employees of Defendants that were similarly situated to Plaintiff, including, *inter alia*, claims for failure to pay lawful overtime compensation under the FLSA and NYLL, failure to pay minimum wage compensation under the FLSA and NYLL, failure to pay spread of hours compensation, engaging in tip credit violations, and for violations of NYLL §§ 195(1) and (3). Thus, Defendants' violations of the applicable wage and hour laws were willful, intentional and did not occur as part of a good faith effort to comply with the applicable wage and hour laws.

**Plaintiff's NYSHRL Claims**

59.    Throughout her employment, Plaintiff performed her duties in an exemplary manner, was qualified for her position, and remains capable of performing the duties of her position with or without an accommodation.

60.    In or about July or August 2021, Plaintiff informed Defendants that she was pregnant.

61.    In or about July or August 2021, Plaintiff requested that her hours worked during each workweek be reduced due to her pregnancy.

62.    In response, Defendants became upset about Plaintiff's request to reduce her hours worked during each workweek due to her pregnancy.

63.    On or about September 28, 2021, Plaintiff again informed Defendants that she was pregnant and requested that she not be required to perform extremely physical tasks due her pregnancy.

64.    Beginning in or about November 2021 until on or about March 22, 2022, Defendants permitted Plaintiff to work a reduced work schedule during her workweeks due to her pregnancy.

65.    Despite working a reduced work schedule from in or about November 2021 until on or about March 22, 2022, Plaintiff continued to work in excess of forty hours during each workweek.

66.    On or about March 23, 2022, Plaintiff commenced her maternity leave.

67.    On or about March 25, 2022, Plaintiff gave birth to her child.

68.    During discussions with Plaintiff, Defendants had promised Plaintiff that she could take maternity leave for a period of 12 weeks following the birth of her child.

69.    Despite this promise, Defendants did not permit Plaintiff to return to work and instead unlawfully terminated Plaintiff's employment.

70.    Specifically, beginning on or about April 28, 2022 through in or about July 2022, Plaintiff repeatedly contacted Defendants through multiple methods, including by calling

Defendants' manager, sending text messages, and calling Defendants' restaurant directly, to request that she be permitted to return to work as she wished to conclude her maternity leave.

71.    Despite these repeated efforts, Defendants refused to respond to Plaintiff's attempts to contact Defendants by any method, including refusing to respond to telephone messages and text messages.

72.    Indeed, rather than permit Plaintiff to return to work from maternity leave, Defendants summarily terminated her employment while she remained on maternity leave due to her pregnancy.

73.    Accordingly, Defendants have discriminated against Plaintiff based on her pregnancy, sex, and familial status in violation of the NYSHRL.

74.    Due to Defendant's discrimination, Plaintiff has suffered the loss of her job and the opportunity to work, the loss of her wages and the loss of benefits that she would be receiving but for Defendants' discriminatory conduct.

75.    Due to Defendants' discrimination, Plaintiff has suffered substantial emotional harm and distress at a time in which she felt especially vulnerable due to her pregnancy.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

76.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

77.    Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or her proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

78.    Defendants' violations of the FLSA have been willful and intentional.

79.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80.     As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

## SECOND CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – MINIMUM WAGES)

81.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

82.     Defendants employed Plaintiff, yet willfully failed to pay Plaintiff the applicable minimum wage rate for all hours worked, in violation of the FLSA.

83.     Defendants' violations of the FLSA have been willful and intentional.

84.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

85.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

86.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

87.     Defendants employed Plaintiff for workweeks longer than forty hours and failed to compensate the Plaintiff for hours worked in excess of forty hours per week at a rate of at least

one and one-half times the applicable minimum wage or her proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

88.     By Defendants' failure to pay Plaintiff her correct overtime wages for hours worked in excess of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

89.     Defendants' violations of the NYLL have been willful and intentional.

90.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – MINIMUM WAGES)

91.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

92.     Defendants employed Plaintiff, yet willfully failed to pay Plaintiff the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

93.     Defendants' violations of the NYLL have been willful and intentional.

94.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – FAILURE TO PAY WAGES EARNED)

95.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

96.     NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

97.     Defendants failed to compensate Plaintiff at her regular rates of pay for certain hours that she worked in accordance with her agreed terms of employment.

98.     Defendants' violations of the NYLL have been willful and intentional.

99.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover her unpaid wages for all hours worked for Defendants but for which those Defendants did not provide compensation at her regular rates of pay.

100.    Due to Defendants' violations of the NYLL, Plaintiff is also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with her agreed terms of employment.

## SIXTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)

101.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

102.    Defendants failed to pay Plaintiff one additional hour of pay at the basic minimum wage rate for each day that her spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

103.    Defendants' failure to pay spread-of-hours compensation was willful and intentional.

104.    For the foregoing reasons, Plaintiff is entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**SEVENTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNLAWFULLY RETAINED TIPS AND GRATUITIES)**

105.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

106.    Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

107.    Plaintiff performed work for the benefit of Defendants, at Defendants' behest, for which she received compensation partially through tips and gratuities.  However, Defendants retained a portion of the tips and gratuities intended for the Plaintiff and she has not been paid those tips and gratuities as Defendants have unlawfully retained those tips and gratuities, in violation of NYLL § 196-d.

108.    Defendants' violations of the NYLL have been willful and intentional.

109.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to her unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**EIGHTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

110.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

111.    Plaintiff performed work for the benefit of Defendants, at Defendants' behest, for which she received compensation through partially tips and gratuities and compensation through an hourly rate of pay.  However, Defendants retained a portion of those tips and gratuities intended

for the Plaintiff and additionally failed to pay Plaintiff for many of her hours worked at any rate of pay, thereby withholding wages, tips and gratuities due and owing to them.

112.    Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

## NINTH CLAIM FOR RELIEF
## (QUANTUM MERUIT)

113.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

114.    Plaintiff performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants.

115.    Plaintiff performed valuable services for Defendants with the expectation that she would be compensated for her work, including by receiving compensation partially through tips and gratuities and through compensation at an hourly rate of pay.

116.    Defendants retained a portion of the tips and gratuities intended for the Plaintiff and additionally failed to compensate Plaintiff at her regular rate of pay or any rate of pay for many hours that she worked for the Defendants.

117.    Plaintiff is entitled to the recovery of the reasonable value of the services that she provided to Defendants, including for the amount of any unlawfully retained tips and gratuities intended for Plaintiff and for her hours worked at an hourly rate of pay, those Defendants were enriched at the expense of the Plaintiff, and it is against equity and good conscience to permit those Defendants to retain what is sought to be recovered.

118.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained and is entitled to recover damages, costs of this action, and interest as permitted by law.

**TENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(1))**

119.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

120.    Defendants failed to provide Plaintiff with a written notice upon hire or in her primary language regarding, *inter alia*, her rate of pay, the basis of her rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

121.    Due to Defendants' failure to provide Plaintiff with the notice required by NYLL § 195(1), Plaintiff is entitled to statutory damages, attorneys' fees and costs of this action.

**ELEVENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

122.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

123.    Defendants failed to provide Plaintiff with accurate statements of her wages earned, including, *inter alia*, her correct regular and overtime rates of pay, number of regular and overtime hours worked, spread of hours compensation, or correct gross pay, amount of tips and gratuities received, deductions, and net pay for each pay period as required by NYLL § 195(3).

124.    Due to Defendants' failure to provide Plaintiff with accurate wage statements as required by NYLL § 195(3), Plaintiff is entitled to statutory damages, attorneys' fees and costs of this action.

## TWELFTH CLAIM FOR RELIEF
## (DISCRIMINATION – NYSHRL)

125.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

126.    Based on the foregoing, Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's pregnancy, sex, and/or familial status, in violation of the NYSHRL.

127.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

128.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

129.    As a proximate result of the discrimination described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

130.    Defendant discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

## JURY TRIAL DEMAND

131.    Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.    Issuing an order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

ii.    Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, NYSHRL, and New York common law;

iii.    Awarding unpaid wages, including unpaid overtime and minimum wage compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv.    Awarding unpaid wages, including overtime, minimum wages, unpaid wages owed at her agreed upon rates of pay, unpaid or retained tips and gratuities, unpaid spread of hours wages, and any other form of wages owed, and an additional and equal amount as liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

v.    Awarding damages pursuant to NYLL § 195(1), (3);

vi.    Damages relating to the unlawful violation of the New York common law with respect to claims for unjust enrichment and quantum meruit;

vii.    Awarding damages for, *inter alia*, compensatory damages for back pay, front pay, all benefits to which Plaintiff would have been entitled to receive but for Defendant's unlawful conduct, damages for emotional distress, pain and suffering, and other incidental and consequential damages;

viii.    Awarding punitive damages as permitted by law;

ix.    Awarding pre- and post-judgment interest as permitted by law;

x.    Awarding attorneys' fees incurred in prosecuting this action;

xi.      Awarding all costs incurred in prosecuting this action; and

xii.     Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
      January 9, 2025

                  ROMERO LAW GROUP PLLC
                  *Attorneys for Plaintiff*
                  490 Wheeler Road, Suite 277
                  Hauppauge, New York 11788
                  Tel.: (631) 257-5588

By:   _____
                  DAVID D. BARNHORN, ESQ.