UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADAMARY RIOS,

Plaintiff,

-against-

PAMELA REST. CORP. d/b/a WILLY'S MARGARITA'S CAFE, MARGARITA'S CAFE VII INC. d/b/a WILLY'S MARGARITA'S CAFE, ABC CORP. 1-10 d/b/a WILLY'S MARGARITA'S CAFE and WILLIAM MARTINEZ,

Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
25-CV-158 (NRM) (ARL)

**LINDSAY, Magistrate Judge:**

The plaintiff, Adamary Rios ("Rios"), commenced this action on January 9, 2025, against Pamela Rest. Corp. d/b/a Willy's Margarita's Cafe, Margarita's Cafe VII Inc. d/b/a Willy's Margarita's Cafe, ABC Corp. 1-10 d/b/a Willy's Margarita's Cafe and William Martinez, alleging that the defendants violated her rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay her proper minimum wages, overtime wages, spread of hours pay, tips and gratuities, and by failing to furnish her with proper wage notices and statements. ECF No. 1. Rios also sought damages for discrimination based on her pregnancy, sex, and familial status under the New York State Human Rights Law, New York Executive Law § 290 et seq. ("NYSHRL"). On August 14, 2026, the parties moved for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015) with respect to the FSLA claims only. ECF No. 18. The motion was referred to the undersigned by District Judge Morrison for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The parties filed a supplemental motion for settlement approval following the referral, which included, among other things, a signed settlement agreement and a copy of the plaintiff's

retainer agreement. For the reasons set forth below, the undersigned respectfully recommends that the settlement agreement be approved.

**BACKGROUND**

Rios was employed by the defendants as a buser, server and bar employee from June 18, 2020, to the summer of 2022. Compl. ¶ 22. Rios worked at the defendants' East Meadow and Freeport locations. *Id.* ¶¶ 23, 24. From June 2020 to November 2021, Rios regularly worked Tuesday and Thursday from 10:45 a.m. until 11:30 p.m., Friday and Saturday from 10:45 a.m. until between 12:30 a.m. and 1:00 a.m., and Sunday from 4:00 p.m. until 11:30 p.m., as well as sometimes being required to work additional shifts or workdays beyond these hours worked. *Id.* ¶ 26. During this period, Rios worked approximately 60.5 hours each week. *Id.* From August 2020 to October 2020, Rios worked an additional shift on Mondays, two to three weeks each month but alleges that she was not compensated. *Id.* ¶¶ 27, 28. In April, May, and August 2021, Rios worked for an additional workday during each week at the Freeport location from either 11:00 a.m. until 12:00 a.m. or from 4:00 p.m. until 12:00 a.m. *Id.* ¶ 29. From November 2021 to March 22, 2022, Rios worked five days per week, often working 44 or more hours during each week. *Id.* ¶ 30. Finally, throughout her employment, Rios claims the defendants took a tip credit deduction for each hour that she worked and consequently paid her at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee. *Id.* ¶ 32.

According to the docket, the parties engaged in mediation on November 17, 2025, and the case was reported as settled in principle. However, the parties did not inform the Court that they had reached a settlement and were negotiating the terms of a formal settlement agreement until July 2026. As noted above, the motion for settlement approval of the FLSA claims was then filed by the parties on August 14, 2026. ECF No. 18. On August 17, 2026, plaintiff's

counsel submitted an executed copy of the settlement agreement along with a copy of his retainer agreement with Rios. A *Cheeks* hearing was held before the undersigned on August 18, 2026, during which the parties presented the terms of the settlement. At the hearing, the parties also indicated their willingness to consent to the undersigned for all purposes. However, despite be provided with a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form to be executed, the Consent form was never filed with the Court. Accordingly, the undersigned must still issue a report and recommendation.

## DISCUSSION

### A. FLSA Claims

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015). "[B]efore a district court enters judgment, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citing *Elliott v. Allstate Investigations, Inc., No*. 07 Civ. 6078(DLC), 2008 WL 728648, at *1–2 (S.D.N.Y. Mar. 19, 2008)); *Velasquez v. SAFI-G, Inc.,* 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "In reviewing proposed settlements under the FLSA, courts consider 'whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Juarez v. Cent. Yetev Lev D'Satmar Meat, Inc.,* No. 21-CV-2633 (DG) (TAM), 2026 WL 388675, at *3 (E.D.N.Y. Jan. 9, 2026) (citing *Ahad v. 21st St. Hosp., LLC*, No. 21-CV-2079 (LDH) (TAM), 2022 WL 2467243, at *2 (E.D.N.Y. Mar. 17, 2022)).

"Although the Second Circuit has not established an exhaustive list of factors that district

courts should consider when reviewing FLSA settlements, it has identified the following factors that district courts typically use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Lee v. Sky World Courier Express, Inc.,* No. 25 CV 1393 (AMD) (RML), 2026 WL 1980919, at *2 (E.D.N.Y. June 15, 2026), report and recommendation adopted sub nom. *Lee v. Sky World Courier Express, Inc.,* No. 25-CV-1393 (AMD) (RML), 2026 WL 1878471 (E.D.N.Y. June 30, 2026) (citing *Fisher v. SD Prot. Inc*., 948 F.3d 593, 600 (2d Cir. 2020)). "In addition, courts should not approve settlements that contain 'highly restrictive confidentiality provisions, overbroad releases that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues, and any provision that would set the fee for plaintiff's attorney . . . without adequate documentation.'" *Id.* (citing *McPherson v. Look Ent. Ltd.,* No. 23 CV 4273, 2025 WL 43165, at *3 (E.D.N.Y. Jan. 7, 2025).

In this case, the parties agreed to settle the matter for $25,000.00. Rios will receive $16,666.67. This amount is substantial and fair considering the litigation risks and will avoid the substantial burdens and expenses of additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335. The record also reflects that the settlement was the product of an arm's-length bargaining between counseled parties during the mediation session. In fact, Rios acknowledges that making all reasonable assumptions in her favor her best potential recovery under the FLSA at trial amounts to $3,989.00 for all of her unpaid FLSA wages and $3,989.00 for FLSA liquidated damages.

Moreover, at the hearing, the Court reviewed the terms of the settlement with the parties and found nothing that runs afoul of any of the *Cheeks* concerns. Specifically, there were no highly restrictive confidentiality provisions, overbroad releases, one-way non disparagement clauses, reservation of rights or restrictions on attorneys' future representations.

The Court also finds the request for attorneys' fees to be reasonable. Rios' counsel is seeking one-third of the settlement amount and costs. Specifically, they will receive $8,333.33 in fees. Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases. *See Wallace v. International House of Pancakes, LLC, et al*., No. 1:21-CV-6993-MKV, 2024 WL 1855670, at *2 (S.D.N.Y. Apr. 29, 2024)(citing *Payano v. 1652 Popham Assocs., LLC*, No. 17-cv-9983, 2019 WL 464231, at *5 (S.D.N.Y. Feb. 6, 2019) (collecting cases)). Accordingly, the Court respectfully recommends that the parties' joint motion for settlement approval be granted in its entirety.

**B. The Confession of Judgment**

On September 1, 2026, the undersigned received a letter from plaintiff's counsel complaining that the defendants have not yet provided a signed copy of the Affidavit for Judgment by Confession that is part of the parties' Settlement Agreement and Release. Specifically, Section 2 of the Settlement Agreement provides:

> Confession of Judgment: Concurrently with the execution of this Agreement, Defendants shall provide Plaintiff's counsel with a fully executed Affidavit of Confession of Judgment in the amount equal to Sixty Thousand Dollars and Zero Cents ($60,000.00), in the form attached as Exhibit B, bearing original signatures, which shall be held in escrow by Plaintiff's counsel. In the event Defendants default in any of the payments required under Paragraph 1 of this Agreement or under Paragraph 1 of the Non-Wage Settlement Agreement,[1]

[1] The parties in this case bifurcated the claims and reported to the Court during the conference that they planned to enter into a separate settlement agreement for Non-FLSA claims. According to plaintiff's counsel's letter dated September 1, 2026, the plaintiff has asked the defendants to provide the name of a contact person for one clause in

> either in whole or a portion of a payment, Plaintiff shall provide written notice via email and first-class mail to Karl J. Silverberg, Esq., Silverberg P.C., 320 Carleton Avenue, Suite 6400, Central Islip, New York 11722 and Oleh N. Dekajlo, Esq., Dekajlo Law Offices, 1975 Hempstead Turnpike, Suite 101, East Meadow, New York 11554-1703, and email at ksilverberg@silverbergpclaw.com and dekajlo@aol.com, of their intent to file the Affidavit of Confession of Judgment. The notice shall be deemed received upon sending the required email and mailing via first class mail. Defendants will have ten (10) days to remedy their default before Plaintiff files the Affidavit of Confession of Judgement against Defendants, crediting Defendants for any payments made under this Agreement and the Non-Wage Settlement Agreement. Defendants shall be entitled to cure a default in their payments a maximum of two times pursuant to a notice to cure. In the event of a third default in their payments (i.e. a third default after Defendants were previously sent a notice to cure regarding a default and subsequently remedied their default with respect to two separate payments at any time during the payment schedule), Plaintiff shall be entitled to file the Affidavit of Confession of Judgement against Defendants, crediting Defendants for any payments made under this Agreement and the Non-Wage Settlement Agreement, without be required to send a notice to cure and without notice to Defendants. In the event that the Affidavit of Confession of Judgment is filed, Defendants shall also be liable for all attorneys' fees and reimbursement of all costs and expenses incurred relating to and arising from Defendants' default, and/or from all efforts to enforce this Agreement and the Non-Wage Settlement Agreement and to collect the sums owed under the Affidavit of Confession of Judgment . . ..

Oleh N. Dekajlo, Esq., Vice President and General Counsel for the defendant corporations, and the defendant William Martinez signed the Settlement Agreement containing this provision before it was submitted to the Court for review. Accordingly, implicit in the Court's approval of the Settlement Agreement was an understanding that the Affidavit of Confession of Judgment would be executed by the defendants and delivered to plaintiff's counsel. To date, that has not been done. As such, the Court further recommends that the defendants be directed to return an Affidavit of Confession of Judgement to plaintiff's counsel within thirty days of an order adopting this

---

the parties' bifurcated settlement agreement that is related to Plaintiff's non-FLSA claims and that has not been done. Accordingly, the non-FLSA claims remain open and this issue should be addressed with the District Judge.

recommendation.

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Morrison prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal of the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
September 4, 2026

__________/s________________
ARLENE R. LINDSAY
United States Magistrate Judge